UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| BRIAN L. FOX,<br><br>Plaintiff,<br><br>vs.<br><br>CHANCE COLOMBE, and<br>JOANNE COLOMBE,<br><br>Defendants. | 3:17-CV-03030-RAL<br><br><br>OPINION AND ORDER GRANTING<br>MOTION TO DISMISS |

On January 25, 2018, Defendants filed a Motion to Dismiss, Doc. 7, and supporting

memorandum, Doc. 8, arguing for dismissal based on an absence of federal jurisdiction. Plaintiff

Brian L. Fox, who filed pro se, did not respond to the motion within the 21 days afforded him

under Local Rule. D.S.D. Civ. L.R. 7.1.B. This Court nevertheless has scrutinized Fox's

Complaint to see whether a basis for federal jurisdiction exists in this case. Finding none, this

Court grants the Defendants' Motion to Dismiss.

On December 28, 2017, Fox filed a pro se Complaint on the form supplied by the Clerk

of Court naming as Defendants Chance "Bud" Colombe and Joanne Colombe. Doc. 1. The

Complaint form specified that a plaintiff is to list "the full name of ALL Defendant[s]." Doc. 1.

Under "COMPLAINT," the form instructs "State the grounds for filing this case in Federal Court

(include federal statutes and/or U.S. Constitution provisions, if you know them. Fed. R. Civ. P.

8(a)(1) requires a short and plain statement of the grounds for the court's jurisdiction.)" Doc. 1.

Fox in his Complaint did not cite a federal statute or constitutional provision or otherwise

provide any basis for federal court jurisdiction over his claim. Fox separately completed a Civil Cover Sheet, Doc. 2, where he marked an X in the boxes for "U.S. Government Plaintiff" and "U.S. Government Defendant." Obviously Fox is the lone Plaintiff and is not the U.S. Government, and the Colombes are the lone two Defendants and are not the U.S. Government or a U.S. governmental agency. For "Citizenship of Principal Parties," Fox marked that both he and the Colombes are "Citizens of This State" being South Dakota, Doc. 2, which is consistent with the Complaint. Doc. 1 at 3.

Fox's Complaint alleges that the Colombes, after a meeting at the Rosebud Agency of the Bureau of Indian Affairs, entered into an agreement to lease pasture land to Fox from June to October of 2017. Doc. 1 at 1. Fox paid the Colombes $950.00 and then $12,800.00, but Colombe allegedly directed Fox to remove his cattle and had someone else place cattle on the property. Doc. 1 at 2. Fox claims that the superintendent of the Rosebud Agency hosted a mediation during which the Colombes agreed to repay half of the amount owed to Fox by cashier's check by October 30, 2017, and the remaining amount by November 15, 2017. Doc. 1 at 2. The Colombes have not made either payment, and Fox wants the Colombes to pay what is owed. Doc. 1 at 2–4. A letter from the Rosebud Agency Superintendent appears to confirm Fox's allegation of the mediated resolution, Doc. 1-1 at 8, and a short extension of time for the Colombes to pay thereafter, Doc. 1-1 at 9. The BIA, however, appears not to have been a party to the agreement, but simply facilitated the mediation and contracting between Fox and the Colombes. Doc. 1-1 at 10.

The Colombes' Motion to Dismiss is a Fed. R. Civ. P. 12(b)(1) facial challenge (as opposed to factual challenge) to the existence of subject matter jurisdiction. When a facial challenge is made to federal jurisdiction, "the court restricts itself to the face of the pleadings,

and the non-moving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6)." Jones v. United States, 727 F.3d 844, 846 (8th Cir. 2013). In short, this Court must accept the Plaintiff's factual allegations as true and construe all inferences in the Plaintiff's favor, but need not accept the Plaintiff's legal conclusions. Retro Television Network, Inc. v. Luken Commc'ns, LLC, 696 F.3d 766, 768–69 (8th Cir. 2012).

Federal courts of course are "courts of limited jurisdiction." Myers v. Richland Cnty., 429 F.3d 740, 745 (8th Cir. 2005). A plaintiff has the burden of proving subject matter jurisdiction. V S Ltd. P'ship v. Dep't of Hous. & Urban Dev., 235 F.3d 1109, 1112 (8th Cir. 2000). Rule 8 of the Federal Rules of Civil Procedure requires a plaintiff to plead "the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1).

Fox's Complaint and Civil Cover Sheet reveal that the Colombes and Fox are residents of South Dakota, and the Complaint seeks less than $75,000. Therefore, diversity jurisdiction under 28 U.S.C. § 1332—requiring both diversity of citizenship and stakes exceeding $75,000 exclusive of interest and costs—does not exist.

Federal subject matter jurisdiction under 28 U.S.C. § 1331 requires the presence of a federal question. Arbaugh v. Y&H Corp, 546 U.S. 500, 513 (2006). Section 1331 provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A plaintiff successfully pleads federal question jurisdiction "if a federal cause of action appears on the face [of] a well-pleaded complaint." Oglala Sioux Tribe v. C&W Enters., Inc., 487 F.3d 1129, 1131 (8th Cir. 2007). Fox's Complaint does not reference any provision of "the Constitution, laws, or treaties of the United States," and indeed his Civil Cover Sheet did not mark the box for "Federal Question" as a basis for jurisdiction. Doc. 2. There appears to be no constitutional provision, federal statute

or treaty that gives a federal district court jurisdiction over South Dakota residents' dispute over a lease for pasture land or refund for monies wrongfully retained by South Dakota defendants who allegedly breached such an agreement. This remains true even if the defendants are members of a federally recognized Indian tribe and the Superintendent was involved in trying to resolve the dispute. Defendants submitted information suggesting that Fox filed a similar complaint in tribal court, which appears to be an available route for Fox to obtain judgment against the Colombes.

Last, this Court has jurisdiction in certain cases when the United States or an agency thereof is a plaintiff or defendant. Although Fox marked that both the plaintiff and defendant were the United States on the Civil Cover sheet, Doc. 2, neither Fox nor the Colombes are alleged to be someone acting in an official capacity for the United States. Therefore, it is hereby

ORDERED that Defendants' Motion to Dismiss, Doc. 7, is granted without prejudice and without adjudication of the merits of the claims.

DATED this 28ᵗʰ day of February, 2018.

BY THE COURT:

ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE